UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HRT ENTERPRISES, a Michigan partnership,

Plaintiff,

-vs-

Case No. 12-13710
Hon: AVERN COHN

CITY OF DETROIT, a Michigan municipal corporation,

Defendant.

_________________________________/

**MEMORANDUM AND ORDER**

A.

On August 13, 2015, the Court, in its Memorandum And Order Granting Plaintiff's Motion For Summary Judgment On Liability (Doc. 26), found that the defendant, City of Detroit (the "City"), has effectively taken plaintiff, HRT Enterprises' ("HRT's") property by inverse condemnation because, "[t]he property is not commercially useable and the City has not paid for its ownership" (Doc. 63).

Particularly, the Court found that there is no genuine issue over the following facts:

- the City has expressed its clear intention to bring the airport adjacent to the subject property within FAA standards;
- to bring the airport within FAA standards directly involves the subject property;
- the City's goal of bringing the airport within FAA standards severely limits plaintiff in the use of the subject property and necessitates the defendant acquiring the subject property;

- the defendant has stated that the subject property has not been acquired because, in significant part, the FAA has not provided funds for its acquisition;
- although the defendant has not formally included a replacement runway in its official plan for the airport, defendant has said that it looks favorably on a replacement runway that will run through the subject property if the FAA approves funding;
- if the FAA were to withdraw its waivers, the defendant will have no choice but to acquire the subject property, or the airport will have to cease operations.

B.

What the Court did not do is establish the value of the subject property, i.e., the amount the defendant is required to pay plaintiff for effectively acquiring the subject property, and what is the date of acquisition. These are matters to be decided at trial.

C.

1.

On August 27, 2015, the defendant moved for reconsideration (Doc. 66), on the grounds that it did not have its day in Court. Defendant says that the Court has not examined the totality of the relevant facts and that it was adjudicated in a 2009 appeal that no taking had occurred as of that time. As stated by defendant, "plaintiff HRT's continued inability to attract tenants cannot now be attributed to defendant's actions or omissions." Defendant's motion papers were not supported by an affidavit. Also, the grounds asserted for rehearing do not contradict any of the findings of the Court.

2.

Plaintiff, in opposition to rehearing says:

- defendant must acquire the subject property to bring the airport into conformity with FAA regulations;
- the defendant has condemned or otherwise acquired numerous other properties in the neighborhood of the airport in anticipation of its enlargement, and as protection against losing FAA waivers;
- the defendant still seeks funding to acquire the subject property.

3.

As to the assertion that the Court has denied discovery to the defendant, *Plott v. General Motors Corporation,* 71 F.3d 1190, 1196-97 (6th Cir. 1995) says:

> Before ruling on summary judgment motions, a district judge must afford the parties adequate time for discovery, in light of the circumstances of the case. *See, Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 n. 5, 257, 106 S.Ct. 2505, 2511 n. 5, 91 L.Ed.2d 202 (1986) (stressing importance of allowing ample time for discovery); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 326, 106 S.Ct. 2548, 2552, 2554, 91 L.Ed.2d 265 (1986) (same). Parties who suffer an adverse summary judgment may base their appeals on the lack of opportunity to discover evidence necessary to establish a genuine issue of material fact.

To assure a complete record, and to obviate any error on the grounds that defendant has been denied its substantive rights, the Court will allow defendant to take discovery depositions of not more than five (5) persons. Discovery depositions may also be of benefit to the parties in preparation for trial on the issues of damages and effective date of the taking. Plaintiff may also take not more than five (5) depositions. As to documentary discovery, the Court assumes the parties will have no disagreement as to

relevant documents.

Discovery shall be completed within ninety (90) days.

Once discovery has been completed, the parties shall advise the Court. A status conference will then be held to determine the future course of the case.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: January 14, 2016