UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HRT ENTERPRISES, a Michigan
partnership,

    Plaintiff,

-vs-

Case No. 12-13710
Hon: AVERN COHN

CITY OF DETROIT, a Michigan
municipal corporation,

    Defendant.
_____/

# ORDER

## I.

This is an inverse condemnation case. Pending is

> Defendant, City of Detroit's Motion for Certification Pursuant
> to 28 USC §1292 and Fed.R.Civ.P. 54(b) and/or Modification
> and Confirmation of Judgment Under Fed.R.Civ.P. 58 (Doc.
> 99)

On July 24, 2017, the Court stayed action on the motion (Doc. 116). The stay is VACATED. On September 20, 2017, the Court will hear further arguments on the motion.

## II.

In the order staying action on the motion, the Court observed that plaintiff says the date of the "take" is January 01, 2009, i.e., the date "the situation became stabilized." Earlier, on August 13, 2015, the Court in its Memorandum and Order Granting Plaintiff's Motion for Summary Judgment on Liability (Doc. 26), found that the City has effectively acquired HRT's property (Doc. 63). The order was not accompanied

by a partial summary judgment.

Plaintiff, to establish January 01, 2009, as the date of the "take" has filed the following papers:

(1) Plaintiff, HRT Enterprises' Exhibit List Re: Date of Taking (Doc. 113)

(2) Offer of Proof Regarding Date of Taking (Doc. 117).

With regard to these papers, the Court notes that the exhibit list is not in chronological order, and vaguely describes many of the exhibits. Also, there is no appendix containing a copy of each of the exhibits.

III.

Defendant has not provided the Court with either the form of the order they request, or the form of the partial judgment.

IV.

The following supplements what the Court stated on August 13, 2015, in ruling on the then-pending motions.

A.

The City moves for certification (Doc. 99) essentially on the grounds that the issue of the "take" is separate and distinct from the issue of the date of the "take" and the issue of damages and should be reviewed by the Court of Appeals before the case goes forward damages. The fact of the "take" and the date of the "take" are linked and separate from compensation. Once the date of the "take" is determined, the request for certification can best be decided. Accordingly, the motion for certification was stayed.

B.

The Motion *In Limine* (Doc. 100) has merit. HRT asks for a ruling regarding the amounts paid by the City in separate cases for leasehold and sublease hold properties, *i.e.,* to tenants and subtenants of HRT in a building previously located on the eleven (11) acres. Jury verdicts to that effect were upheld by decisions of the Michigan Court of Appeals. Neither of the two (2) cases involved the lease and sublease regarding the fee ownership of the parcel. Each related to a separate and distinct property interest. The amounts the City paid are irrelevant to a determination of the date of the "take" and damages.

C.

The date of the "take" is the date "the situation becomes stabilized." *United States v. Dickinson,* 67 S.Ct. 1382, 1385 (1947). See also, *Silverstein v. City of Detroit,* 335 F.Supp. 1306 (ED Mich. 1971).

V.

The City takes the position that prior decisions of the Michigan Court of Appeals in favor of the City are *res adjudicata* as to the issue of a "take," and the date of the "take." The prior decisions dealt with the conditions which obtained on the date the issue of a "take" was submitted to a jury. In a prior case in this Court under 28 USC §1983 claiming an uncompensated take by the City which was dismissed (Doc. 15), the Court said:

> In September 2005, a Wayne County Circuit Court jury decided that the City's actions had not yet inversely condemned HRT's Property. However, at that time part of

the building was still occupied, and the Property was still producing enough rent to pay the taxes and perform some repairs on the Property. In the three plus years that have elapsed since the jury's verdict, the last operating company in the Property has shut down; the building is vacant; there is no longer enough rental income to pay taxes or maintain the Property; and there is no prospect of a renaissance of the Property.

Clearly, the operative facts have changed from 2005.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: August 31, 2017

S:\LORI\CASES\HRT v. City of Detroit\Memorand & Order Re 3 Outstandings Motions - August 2017.wpd

4