UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HRT ENTERPRISES, a Michigan
partnership,

        Plaintiff,

v

CITY OF DETROIT, a Michigan
municipal corporation,

        Defendant.

Honorable David M. Lawson
Case No.: 2:12-cv-13710

## PLAINTIFF'S MOTION IN LIMINE REGARDING TESTIMONY OF OWNER ON VALUE OF THE PROPERTY

Plaintiff HRT Enterprises ("HRT"), by and through its attorneys, Demorest Law Firm, PLLC and Neil Strefling, PC, states as follows for its Motion in Limine Regarding Testimony of Owner on Value of the Property:

1.     HRT files this Motion to resolve certain evidentiary issues that are expected to arise at trial. The City may try to exclude the testimony of Karl Thomas, as owner of the property, regarding its value.

2.     Such owner testimony is permitted by well-established law, and Mr. Thomas testified about the value of the property in the prior trial. However, in a post-trial ruling, Judge Cohn stated that:

> Thomas offered no testimony as to how he formulated his opinion of value. Thomas was not familiar with property values immediately surrounding the parcel. Condemnation cases that allow an owner to testify require the owner to offer some foundational testimony as to knowledge of property values in the area surrounding the subject property.
>
> ****
>
> The opinion of Thomas should have been given no weight by the jury; his opinion was not sound.

**(DOC 315**, pp. 5-6).

3.   Judge Cohn ruled that Mr. Thomas did not testify to an adequate foundation for his owner's opinion of value. Mr. Thomas can provide additional explanation and foundation in re-trial.

4.   In fact, the abbreviated nature of Mr. Thomas' testimony was caused by Judge Cohn's ruling that a narrative of the testimony be provided in advance. This hampered Mr. Thomas' ability to provide further explanation. This can be covered in the upcoming trial.

5.   HRT sought the concurrence of the City's attorneys in this Motion in Limine by a letter dated April 12, 2022. The City did not concur, making this motion necessary.

WHEREFORE, HRT requests that the Court grant its Motion in Limine, and rule that Karl Thomas may testify about his opinion of the value of the property, as its owner.

        Respectfully submitted,

        DEMOREST LAW FIRM, PLLC

        By:/s/ *Mark S. Demorest*
        Mark S. Demorest (P35912)
        Michael K. Hayes (P75419)
        Attorneys for Plaintiff
        322 West Lincoln Ave.
        Royal Oak, MI 48067
        (248) 723-5500
        mark@demolaw.com
        mike@demolaw.com

        /s/ *Neil Strefling*
        Neil Strefling (P28453)
        Co-counsel for Plaintiff
        26153 John R.
        Madison Heights, MI 48071
        (248) 541-3320
        nstrefpc@aol.com

Dated: April 13, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HRT ENTERPRISES, a Michigan
partnership,

          Plaintiff,

v

CITY OF DETROIT, a Michigan
municipal corporation,

          Defendant.

Honorable David M. Lawson
Case No.: 2:12-cv-13710

_____

**BRIEF IN SUPPORT OF
PLAINTIFF'S MOTION IN LIMINE REGARDING
TESTIMONY OF OWNER ON VALUE OF THE PROPERTY**

# TABLE OF CONTENTS

                                                           **Page(s)**

INDEX OF AUTHORITIES ................................................................................... ii

ISSUE PRESENTED ............................................................................................ iii

CONCLUSION ....................................................................................................... 3

# **INDEX OF AUTHORITIES**

**Page(s)**

## **Cases**

*City of Grand Rapids v HR Terryburg,*
   122 Mich. App. 750, 756 (1963) .................................................................. 1,2

*U.S. v. 79.20 Acres of Land,*
   710 F.2d 1352 (8th Cir. 1983) ......................................................................... 2

*U.S. v. 329.73 Acres of Land,*
   666 F.2d 281, 284 (5th Cir. 1982) .................................................................. 2

## **Misc.**

*Federal Jury Proc. And Inst.*, §154:58 ................................................................. 2

## **ISSUE PRESENTED**

Should the Court order that Karl Thomas may testify about the value of the property as its owner?

Plaintiff answers: Yes

Defendant answers: No

HRT Enterprises ("HRT"), by and through its attorneys, Demorest Law Firm, PLLC and Neil Strefling, PC, states as follows for its Brief in Support of Motion in Limine Regarding Testimony of Owner of Value of the Property:

The property owner is not required to be a real estate appraiser or to use the methods of an appraiser. The only foundation requirement is that "a very basic foundation should be laid that the owner is familiar with his property . . ." *City of Grand Rapids v HR Terryburg*, 122 Mich. App. 750, 756 (1963). Karl Thomas testified about his familiarity with the property, and his frequent trips to the property, from the moment that HRT purchased the property through the prior trial (**DOC 273**, pp. 43, 46). He also testified as to his extensive knowledge of real estate, in particular the acquisition of the Krupp steel processing facilities (**DOC 273**, pp. 45-47).

The only exceptions to the admissibility of an owner's value opinion in *City of Grand Rapids v HR Terryburg, supra,* is when the owner inherited the property sight unseen, or was an absentee landlord. In other words, unless the owner has NO knowledge of the property at all, the owner is competent to testify about his opinion of the value of the property. It is then the province of the jury to evaluate the weight to give that testimony. Clearly, Karl Thomas did not fall in the category that he had no knowledge of the property. Karl Thomas actually bought the property and renovated,

1

expanded and modified it. He did not inherit the property. Karl Thomas was also responsible for the purchasing and installation of the fixtures and equipment.

Karl Thomas has extensive personal knowledge of the subject property. He also has a broad base of knowledge about the value of commercial and industrial real estate from at least 1983 to date.

Judge Cohn misconstrued *City of Grand Rapids v HR Terryburg, supra*, when it stated that Karl Thomas was required to provide some foundational testimony as to other property values in the area. The *Grand Rapids* case in fact only requires such additional foundational testimony if the owner offers testimony regarding comparable values of other property, rather than his own property.

This standard also applies in federal court. *See, e.g., U.S. v. 329.73 Acres of Land*, 666 F.2d 281, 284 (5th Cir. 1982) ("[T]he opinion testimony of a landowner as to the value of his land is admissible without further qualification."); *U.S. v. 79.20 Acres of Land*, 710 F.2d 1352 (8th Cir. 1983) ("A landowner is presumed to have special knowledge of the property. His testimony as to the value of his land is therefore 'admitted in federal courts *without further qualification*'."). See, also, *Federal Jury Proc. And Inst.*, §154:58.

2

## CONCLUSION

WHEREFORE, HRT requests that the Court grant its Motion in Limine, and rule that Karl Thomas may testify about his opinion of the value of the property, as its owner.

                Respectfully submitted,

                DEMOREST LAW FIRM, PLLC

                By:/s/ *Mark S. Demorest*
                Mark S. Demorest (P35912)
                Michael K. Hayes (P75419)
                Attorneys for Plaintiff
                322 West Lincoln Ave.
                Royal Oak, MI 48067
                (248) 723-5500
                mark@demolaw.com
                mike@demolaw.com

                /s/ *Neil Strefling*
                Neil Strefling (P28453)
                Co-counsel for Plaintiff
                26153 John R.
                Madison Heights, MI 48071
                (248) 541-3320
                nstrefpc@aol.com

Dated: April 13, 2022

3

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2022 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Michael D. Weaver | mweaver@plunkettcooney.com |
| Mary Massaron | mmassaron@plunkettcooney.com |
| Erik H. Johnson | ejohnson@plunkettcooney.com |
| Michael S. Bogren | mbogren@plunkettcooney.com |
| James Noseda | nosej@detroitmi.gov |
| Charles Raimi | raimic@detroitmi.gov |

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: None.

DEMOREST LAW FIRM, PLLC

/s/ Robbin Nickerson
Paralegal for Plaintiff's Counsel
322 West Lincoln Ave.
Royal Oak, MI 48067
(248) 723-5500

Thomas, Karl/HRT Enterprises/U.S. Dist. Court - 2nd Case (12-cv-13710)/Pleadings/1 DRAFT Pleadings/2022 04 12 Motion in Limine Re Testimony of Owner (Value of Property).docx