UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HRT ENTERPRISES,

        Plaintiff,                                Case Number 12-13710

v.                                               Honorable David M. Lawson

CITY OF DETROIT,

        Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on the defendant's motion to dismiss for want of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The Court previously scheduled a hearing on the motion. However, after reviewing the record and considering the questions presented, the Court finds that the issues adequately are framed by the motion papers and oral argument would not aid the disposition of the motion. *See* E.D. Mich. LR 7.1(f)(2). The motion therefore will be decided on the papers, and the hearing scheduled for September 20, 2022 is **CANCELED**.

This dispute over the City of Detroit's regulatory taking of the plaintiff's airport-adjacent industrial property has been pending in this Court since August 2012. The undersigned's predecessor on the case, the Honorable Avern Cohn, entertained multiple rounds of dispositive motions on the factual and legal issues presented by the case. On August 13, 2015, Judge Cohn granted the plaintiff's motion for summary judgment as to liability on the taking claim, finding that the only remaining questions for trial were the date of the taking and the fair market value of the property as of that date. The case proceeded to a jury trial, and on April 24, 2019 the jury returned a verdict establishing the date of the taking as January 1, 2009 and the fair market value of the property on that date as $4.25 million. However, on October 30, 2019 Judge Cohn granted

a remittitur of the verdict and reduced the judgment to $2 million, after he found that the testimony presented at trial was not adequately founded to prove a higher valuation. The plaintiff filed a notice of its rejection of the remittitur on November 25, 2019. On the following day, Judge Cohn issued an order setting aside the verdict and granting a new trial "on the issue of damages." Order Granting New Trial, ECF No. 319.

On January 13, 2020, the case was reassigned to the undersigned. The defendant was permitted to file a "motion for reconsideration" in which it sought to reopen the issue of liability for the taking. The plaintiff filed a motion to certify the remittitur decision for interlocutory appeal. On March 10, 2021, the Court issued an opinion denying both motions, after it concluded that the prior dispositive ruling on liability was well founded, and the City had not identified any valid procedural ground for reopening the question of liability. The Court also found that the remittitur ruling was grounded in well-settled law and presented no pressing question appropriate for interlocutory appeal.

In March 2022, after the federal courthouse reopened and in-person civil jury trials were resumed, the case was set for trial on August 24, 2022. The parties filed numerous motions *in limine*, and a final pretrial conference is scheduled for August 9, 2022.

On July 13, 2022, on the eve of trial, and a decade into this protracted litigation, the City filed a "motion to dismiss for lack of subject matter jurisdiction" under Federal Rule of Civil Procedure 12(b)(1). In its motion, the City argues that the Court "lacks subject matter jurisdiction over this case because [the] [p]laintiff's regulatory takings claims are not ripe for adjudication," "[t]here has been no final decision by the City to take or otherwise dispose of the property located at 11111 and 11181 French Road, Detroit, Michigan," and the "[p]laintiff's case is premised on speculation that the City must take Plaintiff's property at some future date to comply with federal

regulations," which "cannot serve as a basis to invoke an Article III Court's subject matter jurisdiction." Def. Mot. to Dismiss, ECF No. 412, PageID.10977-78.

As an initial matter, the factual issue alluded to in the City's motion has been settled as a matter of law in this case for seven years, since Judge Cohn issued his dispositive decision on liability for the taking claim. Judge Cohn explained the basis for liability as follows:

> The Court acknowledges that the record as it stands supports the City's contention that there are no current plans to fund a new runway at the airport, and that the current Capital Improvement Plan is limited to maintaining and upgrading the existing runways and physical plant and to reimbursing the City for the Mini-Take acquisitions.
>
> However, the record also establishes that the City's acquisitions in the Mini-Take Area is intended to bring the airport in compliance of FAA safety standards — in particular, the standard building restriction line. This line extends approximately one-third into the property, and limits buildings with in it to 35 feet high or less, depending on the distance from the airport runway. In addition, there is no dispute that the runway visibility line extends into the southeast corner of the property, and that the existing building requires an FAA waiver. At the May Hearing, Watt conceded that it was "probably not" possible to get a permit to build a 40-foot high building on the property within this building restriction line. (Doc. 60 at 31) This directly contradicts the City's position that HRT is "free to apply for a building permit."
>
> Even if there is not a current plan to add a new runway, the City has expressed its clear intention to bring the airport within FAA standards. Contrary to the City's position, bringing the airport to within FAA standards would directly involve HRT's property. The City's goal of bringing the airport to full FAA standards would consequently severely limit HRT in the use of its property and/or necessitate the City's acquisition of the property.
>
> In addition, the City has stated that the HRT property has not been acquired because, in significant part, the FAA has not provided funding for the purchase. Although the City has not formally included a replacement runway in the official plan, the City has indicated that it looks favorably on a replacement runway that would go through the property, should the FAA approve funding. Finally, Watt conceded that if the FAA were to withdraw its waivers, the airport would have no choice but to acquire the property or cease operations.
>
> For these reasons, the City has effectively taken HRT's property. The City concedes that it has requested funds from the FAA to acquire the property, which has not been approved. Thus, although there are no approved plans to expand the airport or

>acquire the property, the City has effectively placed a hold on the property with no compensation to HRT.

Order Granting Plf. Mot. for Summ. J., ECF No. 63, PageID.3084-85.

The City's assertion that there has been "no taking" because there was no "final decision" depriving the property of economic value is a false premise that is contrary to the record. Judge Cohn's decision plainly identified the extant regulations and regulatory acts that "effectively placed a hold on the property with no compensation" to the plaintiff. He subsequently denied a motion for reconsideration, which raised the same issue as the present motion, among other positions that were rejected. Judge Cohn certified the order granting summary judgment (and the order denying reconsideration) for interlocutory appeal, *see* ECF No. 132, but the court of appeals denied permission to appeal. In its order denying the City's petition for an interlocutory appeal, the Sixth Circuit observed that it was "not convinced that there is a substantial ground for a difference of opinion as to the district court's ruling" granting the motion for summary judgment. Order Denying Pet. for Interlocutory App., ECF No. 133 (6th Cir. Dec. 13, 2017). In the Court's recent opinion denying the City's second motion for reconsideration, this Court reexamined in depth the legal and factual bases for the ruling and concluded that it was well grounded in settled principles of takings law springing from the Supreme Court's seminal ruling on regulatory takings in *Penn Central Transport Co. v. City of New York*, 438 U.S. 104 (1978).

The question now posed by the City has been examined and reexamined no less than four times, by a cadre of two trial and three appellate judges. Each time the question has been raised, the answer has been the same. It remains the same today. The present motion is nothing more than an inartful attempt to contrive a fifth bite at the apple on a question of liability that was long ago resolved in the early years of this torturous litigation.

The principal ground of the present motion is the defendant's position that the Court lacks "subject matter jurisdiction" because the takings claim is "not ripe for adjudication." That position is contrary to settled law governing the application of the ripeness doctrine in takings matters. "'Ripeness is related to standing, and shares a foundation in Article III's case-and-controversy requirement.'" *Stevens v. City of Columbus, Ohio*, No. 21-3755, 2022 WL 2966396, at *11 (6th Cir. July 27, 2022) (quoting *Miller v. City of Wickliffe*, 852 F.3d 497, 503 (6th Cir. 2017)). "The doctrine prevents courts from prematurely ruling on abstract issues." *Ibid.* (citing *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99, 105 (1977)). "A case is typically ripe if a plaintiff shows that it has suffered an injury-in-fact because the threat of enforcement is 'sufficiently imminent.'" *Ibid.* (quoting *Platt v. Bd. of Comm'rs on Grievances & Discipline of Ohio Sup. Ct.*, 769 F.3d 447, 451 (6th Cir. 2014) (citing *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014))).

"The Supreme Court recently reaffirmed that '[w]hen a plaintiff alleges a taking in violation of the Fifth Amendment, a federal court should not consider the claim before the government has reached a "final" decision.'" *N. Mill St., LLC v. City of Aspen*, 6 F.4th 1216, 1225 (10th Cir. 2021) (quoting *Pakdel v. City of San Francisco*, --- U.S. ---, 141 S. Ct. 2226, 2228 (2021)). However, as the Court explained in *Pakdel,* "the rationales for the finality requirement underscore that *nothing more than* de facto *finality is necessary*. This requirement ensures that a plaintiff has actually been injured by the Government's action and is not prematurely suing over a hypothetical harm." 141 S. Ct. at 2230 (emphasis added; quotations omitted). "A regulatory takings claim is therefore [ripe when] '*the permissible uses of the property are known to a reasonable degree of certainty*.'" *N. Mill St., LLC*, 6 F.4th at 1225 (quoting *Palazzolo v. Rhode Island*, 533 U.S. 606, 620 (2001)) (emphasis added).

The permissible uses of the property in this case have been determined (and re-determined) to a reasonable degree of certainty in prior dispositive rulings by this Court and at least summary review by the court of appeals. These courts based those rulings on the review and re-review of an undisputed record demonstrating no genuine questions of material fact. The salient questions presented have been examined and re-examined repeatedly. They have been answered in the same way on every occasion. The precise date when the City's regulatory acts enacted a taking could not be determined by the Court as a matter of law, but it was set in stone by the jury's prior verdict, and that question likewise is not open to reexamination at the new trial. There is no basis for any lingering doubt about whether the regulatory taking here is sufficiently "final" to qualify for judicial review and a determination of compensation due as a consequence of the regulation.

To everything there is a season, and the season for addressing the question framed by the present motion passed ages ago. The defendant will have an opportunity to seek appellate review of that question once a final judgment is entered, but for now, it is time for the Court and the parties to move on. The business at hand is the convening of a new trial to settle the sole remaining question in this case, which is how much the City must pay as just compensation for the taking. The City has presented no legal basis for the Court to prolong that determination further.

Accordingly, it is **ORDERED** that the defendant's motion to dismiss (ECF No. 412) is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  August 5, 2022